IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 24-cv-02614-NYW-TPO

KARL G. FRAGSTEIN,

    Plaintiff,

v.

HAMILTON HOME BUILDERS,
SUMMIT HOUSING TRANSPORT,
WRIGHT'S MANUFACTURED HOMES,
ROBERT'S MOBILE HOME SERVICE,
TEXAS ATTORNEY GENERAL,
TEXAS GOVERNOR,
TEXAS SECRETARY OF STATE,
TEXAS DEPARTMENT OF INSURANCE,
TEXAS DEPARTMENT OF HOUSING AND COMMUNITY AFFAIRS,
TEXAS MANUFACTURED HOUSING DIVISION,
INTERNATION FIDELITY INSURANCE COMPANY,
TRAVELERS CAUSAL AND SURETY COMPANY OF AMERICA, and
WESTERN SURETY COMPANY,

    Defendants.

## ORDER ADOPTING RECOMMENDATION AS MODIFIED

This matter is before the Court on the Recommendation of United States Magistrate Judge Timothy P. O'Hara, issued on July 18, 2025. [Doc. 174]. Judge O'Hara recommends that the Court grant the following:

(1) Hamilton Home Builders, LLC's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 42, filed November 22, 2024];

(2) The Texas Agencies' Opening Brief and Motion to Dismiss [Doc. 43, filed December 2, 2024];

(3) IFIC's Motion to Dismiss [Doc. 63, filed December 17, 2024];

(4) Defendant Travelers Casualty & Surety Company of America's Motion to Dismiss [Doc. 70, filed December 20, 2024];

(5) The Texas Attorney General's Opening Brief and Motion to Dismiss [Doc. 79, filed January 7, 2025];

(6) Defendants Wright's Manufactured Homes and Western Surety's Motion to Dismiss Plaintiff's Complaint [Doc. 98, filed March 8, 2025];

(collectively, "Defendants' Motions to Dismiss"), and deny as moot the following:

(1) Motion to Compel Discovery [Doc. 154, filed May 19, 2025];

(2) Motion to Enter Into the Record New Evidence [Doc. 160, filed June 8, 2025];

(3) Motion to Amend Document 160 to Read A Follow [Doc. 161, filed June 9, 2025];

(4) Motion to Amend Document 160, and 161 Should Read as Follows [Doc. 162, filed June 9, 2025];

(5) Permission from the Court to Enter New Evidence (Form HUD-309) [Doc. 170, filed July 3, 2025];

(collectively, "Plaintiff's Motions"). [Doc. 174 at 1].

The Recommendation states that objections to the Recommendation must be filed within 14 days after its service on the Parties. [*Id*. at 36 n.2]; *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Plaintiff objected to the Recommendation ("Objection"), [Doc. 176, filed July 21, 2025], and Defendant International Fidelity

Insurance Company ("Defendant IFIC" or "IFIC")[1] and Defendant Hamilton Home Builders ("Defendant Hamilton" or "Hamilton") responded, [Doc. 177; Doc. 178] (collectively, "Responses").[2]  Based on the analysis contained herein, the Objection is respectfully **SUSTAINED**, the Recommendation is respectfully **MODIFIED** and **ADOPTED as modified**, and Defendants' Motions to Dismiss are respectfully **GRANTED**.

## BACKGROUND

### I. Factual Background

Judge O'Hara sets out the Parties and factual background of this case in detail, [Doc. 174 at 2–15], and the Court only repeats this background briefly.  This case concerns the manufacturing, transportation, and installation of Plaintiff Karl Fragstein's ("Plaintiff" or "Mr. Fragstein") manufactured home.  [Doc. 1].[3]  Mr. Fragstein named thirteen defendants in his Complaint.  [*Id.* at 1–5].  Judge O'Hara categorized Defendants into three groups:  (1) Hamilton; Summit Housing Transport ("Defendant Summit" or "Summit"), Wright's Manufactured Homes ("Defendant Wright's" or "Wright's"), and

---

[1] The caption identifies "Internation Fidelity Insurance Company" as a Defendant; however, Defendant identifies itself as "International Fidelity Insurance Company."  *See, e.g.*, [Doc. 117 at 1].  Accordingly, the Court attributes the caption to a typographical error and will refer to Defendant as International Fidelity Insurance Company or IFIC.

[2] Defendant Travelers Casualty and Surety Company of America ("Travelers") responded to Plaintiff's Objection on August 5, 2025 ("Travelers' Response").  [Doc. 179].  Under Rule 72(b)(2), "[a] party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2).  Accordingly, Travelers had until August 4, 2025 to file a response to Plaintiff's Objection.  *See* [Doc. 176].  Therefore, Travelers' Response is untimely, and the Court declines to consider it.

[3] As Judge O'Hara notes, Plaintiff has filed several documents that he labels as a "complaint;" however, the original Complaint, [Doc. 1], remains the operative pleading.  Plaintiff has not moved to amend his Complaint.  As Defendant IFIC notes in its Brief in Support of Its Motion to Dismiss, Plaintiff confirmed at the March 4, 2025 Status Conference that he is proceeding on the basis of his original Complaint.  [Doc. 95 at 2].

3

Robert's Mobile Home Service ("Defendant Robert's" or 'Robert's') (collectively, the "Business Defendants"); (2) Western Surety Company ("Defendant Western Surety" or "Western Surety"), IFIC, and Travelers (collectively, the "Insurance Defendants"); and (3) the Texas Department of Insurance, Texas Department of Housing and Community Affairs, Texas Manufactured Housing Division, and Texas Attorney General (collectively, the "Texas State Defendants"). [Doc. 174 at 2–3]. Mr. Fragstein alleges that he purchased a manufactured home that suffered from manufacturing defects, was damaged in transport, and did not comply with HUD regulations. [Doc. 1 at 23, 29, 39, 44, 47, 56]. Mr. Fragstein avers that his home is uninhabitable due to the damage and alleges that the Business Defendants and Texas State Defendants are not complying with or enforcing HUD requirements and the Insurance Defendants are acting in privity with them. [*Id.*].

## II.   The Recommendation

Because Mr. Fragstein invokes the Fourteenth Amendment and the doctrine of equal protection, [*id.* at 8–10], Judge O'Hara construes the lawsuit to be one brought for violations of Mr. Fragstein's Fourteenth Amendment rights under 42 U.S.C. § 1983, [Doc. 174 at 15, 24]. Judge O'Hara recommends granting Defendants' Motions to Dismiss and denying Plaintiff's Motions as moot because the Court lacks personal jurisdiction over Defendants. [*Id.* at 1, 20–21]. Mr. Fragstein has conceded that the Court lacks personal jurisdiction over Defendants. [Doc. 173 at 2]. Because Mr. Fragstein also moved for a change of venue to the "United States District Court in Texas," [*id.* at 1–2], Judge O'Hara also analyzes whether the Court has subject matter jurisdiction and concludes that it does

4

not, [Doc. 174 at 21–33].

Based on his analysis, Judge O'Hara recommends denying Mr. Fragstein's § 1983 claims with prejudice and denying his remaining claims without prejudice. [*Id.* at 23, 36]. Although four Defendants have not appeared in the case,[4] Judge O'Hara recommends dismissing the case against the four non-appearing Defendants because their position does not materially differ from that of the moving Defendants. [*Id.* at 35]. Judge O'Hara further recommends dismissing Mr. Fragstein's Complaint without leave to amend, due to various defects with Mr. Fragstein's lawsuit in this District, denying Plaintiff's Motions as moot, and closing the case. [*Id.* at 33–34, 36–37].[5]

## III.   The Objection

Mr. Fragstein's Objection does not challenge Judge O'Hara's conclusions regarding personal jurisdiction.[6]  *See generally* [Doc. 176]. Specifically, Mr. Fragstein states, without equivocation, "[t]his court lacks personal jurisdiction." [*Id.* at 2]. Instead, Mr. Fragstein objects to Judge O'Hara's Recommendation on two bases: (1) the Court cannot adjudicate the merits of the case without personal jurisdiction; and (2) because

---

[4] The following four Defendants have not appeared in this case: Summit, Robert's, the Texas Governor, and the Texas Secretary of State. It is not clear whether any of these entities have been properly served. *See, e.g.*, [Doc. 84].

[5] Mr. Fragstein has two other pending motions that the Court also respectfully **DENIES as moot**: Motion to Reconsider Preliminary Injunction, [Doc. 159, filed June 5, 2025], and Plaintiff's Motion for Jury Trial Demand, [Doc. 172, filed July 14, 2025]. Mr. Fragstein's remaining pending motion, the Motion for Change of Venue, [Doc. 173, filed July 15, 2025], is discussed herein. *See infra* at 10.

[6] Because Mr. Fragstein proceeds pro se, the Court construes his pleadings liberally, but does not and cannot act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court applies the same procedural rules and substantive law to Mr. Fragstein as to a represented party. *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2008).

5

the Court does not have personal jurisdiction, the Court cannot dismiss the case with prejudice and may either dismiss the case without prejudice or transfer the case to another district. [*Id.* at 1].

### III.  Defendants' Responses

In its Response to Plaintiff's Objection, Hamilton specially appears to respond to Plaintiff's Motion for Change of Venue. [Doc. 178 at 1]. Hamilton asserts that the Court lacks personal jurisdiction over it and argues that the Court should adopt Judge O'Hara's Recommendation and the case should be "dismissed, not transferred." [*Id.*]. In its Response, IFIC asserts that Plaintiff's § 1983 claim, the sole claim asserted against IFIC, should be dismissed with prejudice, as Judge O'Hara recommends. [Doc. 177 at 3–4].

## LEGAL STANDARD

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *see also* Fed. R. Civ. P. 72(b)(2) (permitting a party to raise "specific written objections to the proposed findings and recommendations"). Such specific objections permit "the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute." *One Parcel*, 73 F.3d at 1059 (quotation omitted). In conducting its review, "[t]he district court judge may accept,

reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

## ANALYSIS

Plaintiff bears the burden of establishing a court's personal jurisdiction. *SGI Air Holdings II LLC v. Novartis Int'l AG*, 239 F. Supp. 2d 1161, 1164 (D. Colo. 2003) (quoting *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1253 (D. Colo. 2000) ("Where a defendant challenges a court's in personam jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction over the defendant."), *aff'd*, 16 F. App'x 959 (10th Cir. 2001). Mr. Fragstein concedes that the Court lacks personal jurisdiction in this case without limitation to any of the named Defendants—regardless of whether or not they have appeared,[7] [Doc. 173 at 2 ("I agree with the [D]efendants . . . [t]his Court has no [p]ersonal jurisdiction")], and does not object to Judge O'Hara's Recommendation with respect to personal jurisdiction, *see generally* [Doc. 176]. Thus, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error

---

[7] Mr. Fragstein's concession that the Court lacks personal jurisdiction over the non-appearing Defendants Summit, Robert's, the Texas Governor, and the Texas Secretary of State is also construed as a voluntary dismissal of these defendants pursuant to Rule 41(a)(1)(A)(i).

7

on the face of the record,"[8] Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment, and concludes that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law with respect to personal jurisdiction.[9]

Having conceded the Court lacks personal jurisdiction over all Defendants in this case, Mr. Fragstein's Objection primarily disputes whether the Court may dismiss his claims with prejudice if the Court lacks personal jurisdiction. [Doc. 176 at 1–2]. "A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction . . . the dismissal must be one without prejudice." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (first citing *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004); and then citing *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir. 1973) ("It is fundamental . . . that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore . . . must be without prejudice.")). However, pursuant to 28 U.S.C. § 1631, when a court determines that it lacks personal jurisdiction, it "shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought." Although § 1631 contains the word "shall," the Tenth Circuit has "interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without

---

[8] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

[9] Because it lacks personal jurisdiction over Defendants, "the [C]ourt is 'powerless to proceed to an adjudication.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Emps. Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937)). Accordingly, this Court does not address the remainder of Judge O'Hara's well-crafted Recommendation.

prejudice." *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006). Factors relevant to deciding whether a transfer is in the interest of justice include:

> [1] whether the claims would be time barred if filed anew in the proper forum, [2] whether the claims alleged are likely to have merit, and [3] whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

In its Response, IFIC relies upon *Brereton* for the proposition that the Court should dismiss Plaintiff's § 1983 claims with prejudice. [Doc. 177 at 4].[10] IFIC's reliance on *Brereton* is misplaced. In *Brereton*, the Tenth Circuit affirmed the district court's dismissal of the case on jurisdictional grounds but remanded the case for the district court to "modify the dismissal to be without prejudice." *Brereton,* 434 F.3d at 1219–1220. IFIC cites no binding case law indicating that a court that lacks personal jurisdiction over a defendant should dismiss the action with prejudice. *See generally* [Doc. 177]. Accordingly, the Court finds IFIC's arguments unpersuasive.

Mr. Fragstein does not object to Judge O'Hara's Recommendation not to transfer the case. *See generally* [Doc. 176]. Instead, Mr. Fragstein asserts that the Court can do one of two things: the "[C]ourt can dismiss the case without prejudice . . . [or] [t]he [C]ourt might [t]ransfer the case to a federal court in a district were [sic] personal jurisdiction may be established over the defendants." [*Id.* at 2]. The Court respectfully agrees with Mr. Fragstein in this respect. Accordingly, in its discretion, the Court concludes that the action should be dismissed without prejudice and declines to transfer the case. *See, e.g.*,

---

[10] In its Response, Defendant Hamilton Home Builders makes no express argument regarding dismissal of Mr. Fragstein's claims with or without prejudice beyond its assertion that the Court should adopt Judge O'Hara's Recommendation. *See generally* [Doc. 178].

9

*Shrader v. Biddinger*, 633 F.3d 1235, 1250 (10th Cir. 2011) (declining to transfer a case and instead dismissing it without prejudice).

Plaintiff's Objection is respectfully **SUSTAINED**; Judge O'Hara's Recommendation is respectfully **MODIFIED** to the limited extent necessary to dismiss Mr. Fragstein's Complaint without prejudice; and Judge O'Hara's Recommendation is **ADOPTED as modified**. Accordingly, the Court **GRANTS** the Defendants' Motions to Dismiss. [Doc. 42; Doc. 43; Doc. 63; Doc. 70; Doc. 79; Doc. 98]. Plaintiff's Motion for Change of Venue, [Doc. 173], is respectfully **DENIED**. Furthermore, Plaintiff's Complaint, [Doc. 1], is respectfully **DISMISSED without prejudice and without leave to amend**.[11] Further, Plaintiff's Motions, [Doc. 154; Doc. 160; Doc. 161; Doc. 162; Doc. 170], are **DENIED as moot**.

## CONCLUSION

For the reasons set forth above, it is **ORDERED** that:

(1)   Plaintiff's Objection to Your Honor [Doc. 176] is **SUSTAINED**;

(2)   The Recommendation of United States Magistrate Judge [Doc. 174] as

---

[11] Here, Plaintiff has not requested leave to amend, nor has he objected to Judge O'Hara's Recommendation that his claims be dismissed without leave to amend. *See generally* [Doc. 176]. In the absence of a request to amend, the district court may dismiss the action, rather than grant sua sponte leave to amend. *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("[A] court need not grant leave to amend when a party fails to file a formal motion."); *see Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1236 (10th Cir. 2020) ("When a party faces a motion to dismiss and it believes that it can overcome objections with an amendment to the pleading, it should seek leave to amend at that time. Efficient adjudication of disputes requires that the party present its best effort to state a claim before the court addresses the motion to dismiss."). The Court respectfully concurs with Judge O'Hara in declining to grant leave to amend because allowing Mr. Fragstein leave to amend his Complaint in this District would be futile due to the dismissal on jurisdictional grounds. *See* [Doc. 174 at 33–35].

10

        **MODIFIED** to dismiss Mr. Fragstein's claims without prejudice and is **ADOPTED**;

(3) Hamilton Home Builders, LLC's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 42] is **GRANTED**;

(4) The Texas Agencies' Opening Brief and Motion to Dismiss [Doc. 43] is **GRANTED**;

(5) IFIC's Motion to Dismiss [Doc. 63] is **GRANTED**;

(6) Defendant Travelers Casualty & Surety Company of America's Motion to Dismiss [Doc. 70] is **GRANTED**;

(7) The Texas Attorney General's Opening Brief and Motion to Dismiss [Doc. 79] is **GRANTED**;

(8) Defendants Wright's Manufactured Homes and Western Surety's Motion to Dismiss Plaintiff's Complaint [Doc. 98] is **GRANTED**;

(9) Plaintiff's Motion to Compel Discovery [Doc. 154] is **DENIED as moot**;

(10) Plaintiff's Motion to Reconsider Preliminary Injunction [Doc. 159] is **DENIED as moot**;

(11) Plaintiff's Motion to Enter Into the Record New Evidence [Doc. 160] is **DENIED as moot**;

(12) Plaintiff's Motion to Amend Document 160 to Read A Follow [Doc. 161] is **DENIED as moot**;

(13) Plaintiff's Motion to Amend Document 160, and 161 Should Read as Follows [Doc. 162] is **DENIED as moot**;

(14) Plaintiff's Permission from the Court to Enter New Evidence (Form HUD-

11

  309) [Doc. 170] is **DENIED as moot**;

(15) Plaintiff's Motion for Jury Trial Demand [Doc. 172] is **DENIED as moot**;

(16) Plaintiff's Motion for Change of Venue [Doc. 173] is **DENIED**;

(17) Plaintiff's Complaint [Doc. 1] is **DISMISSED without prejudice and without leave to amend**;

(18) Defendants are awarded their costs pursuant to Local Rule 54.1 and Federal Rule of Civil Procedure 54; and

(19) The Clerk of Court is **DIRECTED to TERMINATE** the case.

DATED:  August 8, 2025       BY THE COURT:

                     _____
                     Nina Y. Wang
                     United States District Judge